RAIMER v. DONELSON et al.

No. 33247.   Nov. 23, 1948.

*199 P. 2d 1018.*

Arney & Barker, of Clinton, for plaintiff in error.

Ira Monroe, of Clinton, for defendants in error.

ARNOLD, J.   This is an action by Mary and K. Y. Donelson against Archie Raimer for damages to an automobile.

In support of their allegations that the defendant was negligent in permitting an inexperienced boy to ride a pony upon a highway without saddle or bridle occasioning a runaway and collision of the pony with their car, plaintiffs introduced evidence that the boy rider of the pony was 11 years old and inexperienced in riding and handling horses; that the defendant was the owner of and was taking the pony to his farm near where the collision occurred on the highway; that the pony was without a saddle or bridle and guided by a rope halter; that the defendant was following the boy and pony in his pickup truck; that the plaintiff Mrs. Donelson was proceeding in plaintiff's car in the opposite direction, and upon observing the pony running in her direction she pulled to her right-hand side of the highway and stopped her car; that the defendant drove around in front of the pony in a manner designed to cause the pony to stop, but instead the pony changed its course to the extent and in such a manner as to cause its collision with plaintiffs' car.

The defendant's testimony in many respects is in serious conflict with the testimony of plaintiffs.

The defendant contends that the foregoing state of facts does not constitute negligence.

Negligence is the failure to do that which a person of ordinary prudence would have done under similar circumstances, or the doing of that which such a person would not have done under the same or similar circumstances. Would a person of ordinary prudence and caution have anticipated that a pony under the foregoing circumstances might run away as the pony in this case did?   If so, the defendant was guilty of negligence in sending the rider of his horse upon the highway under the circumstances testified to by plaintiffs.   We think this state of facts presents a factual situation on which reasonable minds might differ and was, therefore, properly submitted to the jury for its determination.   It determined that the defendant was negligent; that his negligence was the proximate cause of the collision of the pony with plaintiffs' automobile and the resulting damage thereto, which amount of damage awarded by the jury is amply supported by the evidence.   The jury's findings in these respects is binding on this court.

The cases cited by the defendant in support of his proposition on the point are so factually different that they are neither helpful nor controlling.

In his motion for new trial the defendant alleged error of the court in

696

permitting the jury to be placed in charge of one of the witnesses for the plaintiffs. At the time the motion for new trial was passed upon, the court heard testimony on the question, which was to the effect that the witness in question was one of two bailiffs who attended the court during the term; that this witness, like other witnesses, was placed under the rule and remained out of the courtroom while this case was being tried; that he was not in charge of the jury in this case, and in no manner communicated with any of the jurors with reference to the case. The defendant in his brief admits that no undue influence or irregularity of conduct of said witness is shown. The trial court determined that no prejudice whatsoever resulted from the conduct of said witness.

We think the evidence conclusively establishes the fact that the witness, associate bailiff, at the term of court was not in charge of the jury in this case, and the court's finding that no prejudice resulted from any conduct of the witness is amply supported.

The record discloses that this appeal was filed in this court within 90 days after the date the motion for new trial was overruled and time extended in which to prepare, serve, and settle case-made. This fact shows that the error of the court in inadvertently attempting by oral order to restrict the time in which to perfect appeal to 90 days was harmless.

The plaintiffs sued for $365 damages to their automobile. The court instructed the jury that in the event it found against the defendant, to return a verdict for such amount as would compensate plaintiffs for the damages sustained under the proof, not to exceed the amount sued for. The jury returned a verdict for $250. The defendant contends that the evidence of plaintiffs showed damages not to exceed $310. The verdict of the jury, being for a sum less than the amount which defendant concedes was proven by plaintiff, demonstrates that the alleged error of not limiting the amount of recovery to the amount established by the proof, if error, was harmless.

The contention of the defendant that the exclusion of testimony offered by him relating to the O. P. A. ceiling price on a used 1937 Dodge automobile constitutes reversible error is untenable. On this point it need merely be pointed out that this is a suit for the value of damages to an automobile, not the market value thereof before the damage occurred.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.